# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| LEROY L. SIMIEN | CIVIL ACTION NO. 06-1025 |
| VS. | SECTION P |
| WASHINGTON POLICE DEPT., ET AL. | JUDGE MELANÇON |
| | MAGISTRATE JUDGE METHVIN |

## MEMORANDUM ORDER

Before the court is a *pro se* civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* by plaintiff Leroy L. Simien on May 10, 2006.[1] Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Concordia Parish Correctional Facility in Ferriday but he complains about his arrest and initial incarceration by the authorities in Washington, Louisiana. He named Washington Police Chief John Afford, St. Landry Parish Jail Warden Calvin Moore, unnamed deputies of the St. Landry Parish Sheriff's Office (SLSO), and the St. Landry Emergency Medical Services (EMS) as defendants. He prays that the court will "... rule on [his] case with proper respect to the law..." and " ... find out why [he] was mistreated and [his] rights were not respected ..." and, "... hold the [defendants] responsible for any wrong doing..."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

---

[1] Plaintiff filed his complaint in the United States District Court for the Eastern District of Louisiana on or about may 10, 2006. Since venue was improper, that court transferred the complaint to this court on June 12, 2006.

*Background*

On some unspecified date, plaintiff was attacked by a group of youngsters in Washington, Louisiana. Plaintiff's jaw was fractured in three places during the affray. Plaintiff was arrested by the Washington Police Department and detained at the St. Landry Parish Jail even though the evidence indicated that he was innocent. St. Landry EMS did not properly treat plaintiff at the scene, and, even though plaintiff complained about mouth and head pain upon his arrival at the SLPJ, his complaints were ignored and he "... suffered many hours of unnecessary pain..."

*Law and Analysis*

*1. Rule 8 Considerations*

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant. This conclusion must be supported by specific factual allegations stating the following:

    (1) the full name(s) of each person who allegedly violated plaintiff's constitutional rights;

    (2) a description of what actually occurred or what <u>each</u> defendant did to violate plaintiff's rights;

    (3) the place and <u>date(s)</u> that <u>each</u> event occurred; and

    (4) a description of the alleged <u>injury</u> sustained as a result of the alleged violation.

Plaintiff should amend his complaint to provide the information required by Rule 8.

*2. Supervisory Defendants*

The Chief of Police and the Warden of the SLPJ appear to have been named in their supervisory capacities. Plaintiff is hereby advised: "Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir.1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir.1994), *cert. denied*, 514 U.S. 1107, 115 S.Ct. 1957, 131 L.Ed.2d 849 (1995). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983). In other words, to the extent that plaintiff seeks to name supervisory officials as defendants, he must allege facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by those defendants.

*3. Medical Care*

When these complained of incidents arose, plaintiff was apparently a pretrial detainee. The standard to apply in analyzing a denial of medical care claim asserted by a pretrial detainee depends upon whether the claim is directed to a "condition of confinement" or to an "episodic act or omission." *Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997), quoting *Hare v. City of Corinth,* 74 F.3d 633, 644 (5th Cir. 1996). In *Hare*, the Fifth Circuit explained the constitutional standards applicable to pretrial detainees in local jails. "A 'condition of confinement' case is a 'constitutional attack on general conditions, practices, rules, or restrictions of pretrial confinement.'" *Scott*, 114 F.3d at 53, *quoting Hare*, 74 F.3d at 644. In such a case, if the

condition of confinement is not reasonably related to a legitimate, non-punitive governmental objective, the condition is unconstitutional. *Scott*, 74 F.3d at 53.

Under the "episodic act" standard, "a state official's episodic act or omission violates a pretrial detainee's due process right to medical care if the official acts with subjective deliberate indifference to the detainee's rights." Thus, the plaintiff must show that he suffered a sufficiently serious deprivation and deliberate indifference by prison officials. *Hare*, 74 F.3d at 643 and 650.

This is the same standard applicable to convicted prisoners whose claims are analyzed under the Eighth Amendment. In order to prevail on such claims, convicts must establish that the delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

"Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir.1997). It occurs when a prison official subjectively knows of and disregards a substantial risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837-840, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Plaintiff's allegations herein are insufficient; he should amend his complaint to allege facts which tend to establish that the defendants were deliberately indifferent to his serious medical needs.

## *4. Exhaustion of Administrative Remedies*

Plaintiff's allegations concerning exhaustion of available administrative remedies are unconvincing. To the extent that he complains of delayed or improper medical treatment while he was detained at the SLPJ, he has not demonstrated that he exhausted all administrative remedies available at that facility before proceeding in this court. The Civil Rights of

Institutionalized Persons Act, 42 U.S.C. §1997e(a), which makes the exhaustion requirement mandatory in prison conditions cases, provides as follows:

> (a) Applicability of Administrative Remedies – No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Plaintiff implies that he is somehow exempt from the exhaustion requirement; he should explain this theory or provide proof of his efforts to exhaust the remedies available at the SLPJ.

## 5. *State Actor/Juridical Person*

"In order to recover under § 1983, a plaintiff must prove (1) that he was deprived of a federally protected right, and (2) that the deprivation occurred under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978). In order to prove the deprivation of a right protected by the Due Process Clause of the Fourteenth Amendment, a plaintiff must prove state action. *Doe v. Rains County Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir.1995). In § 1983 actions alleging the deprivation of due process rights, the Fourteenth Amendment's 'state action' requirement and § 1983's 'under color of state law' requirement collapse into a single inquiry. *Id.*" *Landry v. A-Able Bonding, Inc.*, 75 F.3d 200, 203 (5th Cir. 1996).

The plaintiff may satisfy the "under color of state law" requirement by proving that the conduct causing the deprivation is "fairly attributable to the State" which means proof (1) that the deprivation was caused by the exercise of a state-created right or privilege, by a state-imposed rule of conduct, or by a person for whom the state is responsible, and (2) that the party charged

with the deprivation may be fairly described as a state actor. *Landry v. A-Able Bonding, Inc.*, supra, at 203-04 (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Plaintiff should amend his complaint to demonstrate that St. Landry EMS is a proper defendant in this civil rights action.

Further, Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether St. Landry EMS is an entity which has the capacity to sue or be sued. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. Plaintiff should amend his complaint to show that the entity he identified as "St Landry EMS" is a juridical person under Louisiana law.[2]

### 6. *Heck v. Humphrey* Considerations

Plaintiff claims that he was wrongfully arrested and detained. In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court held that in order for a civil rights plaintiff to recover damages for an allegedly unconstitutional arrest, conviction, or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a

---

[2] It is further noted that plaintiff named the Washington Police Department and the St. Landry Parish Sheriff's Department as defendants in the caption of his complaint. [see doc. 1, pa.1] To the extent that he wishes to name these entities as defendants, he is advised that neither are juridical persons under Louisiana law and he should amend his pleadings accordingly.

state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*.

A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. When a § 1983 plaintiff seeks damages for false arrest and imprisonment, the district court must consider whether a judgment in favor of the plaintiff would necessarily implicate the validity of his present incarceration or his conviction or sentence; if it would, the complaint must be dismissed until such time as the plaintiff can demonstrate that the conviction or sentence has been invalidated. *Id.* at 486-87.

The Supreme Court observed that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* Thus, *Heck* bars claims for false arrest, imprisonment, or conviction until such time as the plaintiff obtains a favorable disposition on all criminal charges stemming from his arrest. See *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir.1995) (false arrest claims barred by *Heck* ); *Thompson v. City of Galveston*, 979 F.Supp. 504, 507 (S.D.Tex.1997) (same), *aff'd,* 158 F.3d 583 (5th Cir.1998).

Plaintiff is currently in custody; it is not clear whether this present detention or incarceration is the result of the arrest complained of. Plaintiff should amend his complaint to address the Heck v. Humphrey concerns.

Before this court determines the proper disposition of plaintiff's claims, plaintiff should be given the opportunity to remedy the deficiencies of his complaint. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Accordingly;

**THE CLERK IS DIRECTED** to serve the plaintiff with a copy of this Order.

**IT IS ORDERED** that plaintiff amend his complaint within thirty (30) days of the filing of this order to cure **ALL OF THE DEFICIENCIES** as outlined above, and alternatively, dismiss those claims plaintiff is unable to cure through amendment. Specifically, but not exclusively, plaintiff shall precisely state what <u>each</u> named defendant did to violate plaintiff's constitutional rights with respect to each separate incident alleged and <u>when and where</u> each such violation occurred.

**Plaintiff shall also provide evidence of his attempts to exhaust ALL administrative remedies available through the St. Landry Parish Jail PRIOR to the filing of this lawsuit.**

**Further, plaintiff should address the other issues outlined above.**

**Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Plaintiff is further required to notify the Court of any change in his address under U.L.R. 41.3W.**

Signed at Lafayette, Louisiana, on October 17, 2006.

_/s/ Mildred E. Methvin_
Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)